Peter AGLIATA, in his capacity as trustee of the Local 738 I.B. of T. Food and Allied Employers' Health and Welfare Fund and in his capacity as trustee of the Local 738 I.B. of T. Medical Center Fund, Plaintiff,

v.

SYSCO CORPORATION, a Delaware corporation, Defendant.

No. 88 C 7835.

United States District Court,
N.D. Illinois, E.D.

April 10, 1989.

Anthony G. Erbacci, Joseph T. Moriarty, Erbacci, Syracuse & Cerone, Ltd., Chicago, Ill., for plaintiff.

Robert Brown, Neil Stern, Laner, Muchin, Domrow & Becker, Chicago, Ill., for defendant.

the duties Advent seeks to enforce here arose from and during the existence of the Distribution Agreement.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Peter Agliata is a trustee of the Medical Center and Employers' Health and Welfare Funds of Local 738 of the International Brotherhood of Teamsters. Agliata has filed suit against Sysco Corporation under § 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (1982), and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, charging that Sysco has not paid contributions owed to the Funds under two collective bargaining agreements entered into by Sysco's predecessors. Agliata and Sysco have filed cross-motions for summary judgment on the issue of Sysco's liability under these agreements.

The undisputed facts are as follows. CFS Continental Company, a predecessor of Sysco, entered into two collective bargaining agreements in 1981 with Local 738. One contract covered employees at CFS's "Manufacturing Division," which closed in 1986. The other contract covered employees at CFS's "Distribution Divsion," which closed in 1987. The contracts were in all pertinent respects identical. In Article 20 of each contract CFS promised to contribute to the Health and Welfare Fund at the following rate: "Effective November 1, 1981, the Employer * shall contribute eighty-one cents (.81) per hour, per employee, and continue at the eighty-one cents (.81) per hour, per employee, during the term of this Agreement." Article 21 of the agreements likewise said: "The Employers shall contribute two cents (.02) per hour, per employee, to the Local Union 738 Medical Center Fund" Sysco does not dispute its obligation to make good on whatever promises CFS entered into under these Articles.

Local 738 claims that when remitting contributions to the Funds, the Manufacturing Division did not contribute for hours that employees worked overtime or were given paid sick leave. The Distribution Division for its part did not contribute for paid sick leave hours. Sysco contends that these exclusions reflect the understandings of the parties to the collective bargaining agreements. Local 738 contends that Articles 20–21 require Sysco to contribute for both overtime and paid sick leave hours.

In interpreting any contract, including a collective bargaining agreement, the court must start with the words of the contract. When the words are unambiguous, the court must given them effect. See *NLRB v. Intern. Bro. of Elec. Wkrs., Local 11*, 772 F.2d 571, 575 (9th Cir.1985). The language of Articles 20–21 is ambiguous, however. They require Sysco to contribute so much "per hour, per employee." But the phrase "per hour" admits many meanings. An unreasonable meaning would be per hour the employee is an employee, meaning a 24–hour–per–day, seven-day-per-week period of time. More reasonable constructions would be per hour paid or per hour labored. Local 738 opts for the former construction, while Sysco tends toward the latter (although this would not explain Sysco's exclusion of overtime hours). The Local's own agents have felt compelled to modify the phrase in their correspondence, which further evidences their ambiguity. See supplementary Affidavit of Debra Bertone, Exhibit A (agent of Local parenthetically noting *"per hour meaning all hours paid;* including overtime, sick pay, etc.") (emphasis in original).

When faced with an ambiguity in a collective bargaining agreement, the court must range wider than the contract itself to resolve the ambiguity and ascertain the parties' intent. As the Supreme Court noted in *Transportation–Communication Emp. Union v. U.P.R. Co.*, 385 U.S. 157, 161, 87 S.Ct. 369, 371, 17 L.Ed.2d 264 (1966), in order to interpret a collective bargaining agreement "it is necessary to consider the scope of other related collective bargaining agreements, as well as the practice, usage and custom pertaining to such agreements." See also *Randall v.*

---

* The Manufacturing Division's contract actually reads "Employee." The parties agree that it should read "Employer."

*Lodge No. 1076, Intern. Ass'n, etc.*, 648 F.2d 462, 466–68 (7th Cir.1981) (courts and arbitrators may view other language, the context of the agreement, past practice, and "any other indicia of the parties' intention" to discern meaning of language in contract). Here Sysco argues that the parties' past practices cast light on what "per hour" means in each agreement. In support of this argument Sysco submits affidavits of its payroll personnel and its labor negotiator, which Sysco suggests demonstrate that its historical practice was not to make the contributions here. Sysco also submits that Local 738 never contested these practices, and that its exclusions were in keeping with "industry practice." On this point Sysco offers evidence from Local 738 that many employers fail to contribute for various different hours.

A court may grant a movant summary judgment under Rule 56, Fed.R.Civ.P., only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Here various facts are in dispute, and thus this court may not grant Sysco summary judgment on the contractual issues raised in this case. First, the affidavits of Sysco's payroll personnel really state that the Manufacturing Division has had its "practice" of excluding hours since 1979; the Distribution Division, 1978. Both affidavits claim that their respective practices go farther back—maybe to 1975—but the court questions whether the affiants are competent to testify as to this. Second, even if the practices do date back to 1975, this court is not confident that four years under the circumstances of this case is enough time to turn any activity into a "practice" of the parties.

Even if Sysco's actions amounted to a "history" of dealing with Local 738, Sysco fails to demonstrate that Local 738 knew or acknowledged the practice. Knowledge of a practice is key to its being accepted by a party, as a matter of contract law and common sense. Otherwise, a union could claim that a thirty-year pattern of pilferage of an employer by its employees amounted to activities protected by an implied contract between the parties. Such a result would be ridiculous. Sysco's evidence of the habits of other employers with respect to excluding hours suffers similar problems. First, this court discerns no pattern among these other employers as to what is excluded. Second, there is no evidence that Local 738 knew of other companies' exclusions at the time it signed the contracts at issue here. Were the court to grant summary judgment on facts like these, a group of employers could cloak their exploitation of a union's poor auditing procedures with the protection of the federal common law of labor contracts. Such a result again would be contrary to common sense and the policies announced in ERISA and LMRA.

For these reasons, the court denies Agliata and Sysco's cross-motions for summary judgment.